## John Wanamaker vs. George W. Benn.

*Assumpsit—Book Account—Goods Sold and Delivered—Guaranty —Acceptance; Notice of—Nonsuit.*

' If a guaranty is prospective in its character to cover future credits, the party tendering it is entitled to notice of its acceptance, and the party receiving it, and for whom it is intended, is bound to give reasonable notice of its acceptance, or the party offering it will not be bound by it.

(*May 2, 1901.*)

Lore, C. J., and Spruance and Boyce, J. J., sitting.

*Robert H. Van Dyke* for plaintiff.

*Henry Ridgely Jr.*, and *Frank M. Davis* for defendant.

Superior Court, Kent County, April Term, 1901.

ACTION OF ASSUMPSIT (No.—April Term, 1900) based upon a written guaranty for the payment of a book account for goods sold and delivered to another person. The said instrument, which was admitted in evidence, was in the following form:

" Form 4.—Monthly. 500–8, 22, 98.

" In consideration of the firm of John Wanamaker, as now constituted or hereafter formed, granting credit for the purchase of merchandise to Mrs. Grover (Rebecca A.) Smith at present residing at No. 225 South Ninth St., Philadelphia, Pa., to an amount not exceeding Fifty dollars per month, I hereby agree to guarantee the payment of, and will pay on demand, said monthly accounts on the fifth day of the month following said purchases. Notice of separate transactions is waived. This guarantee is to continue from month to month until revoked by me in writing and the amount due thereon is settled in full to date of revocation.

Witness

"Dated the 3d day of September, 1895.
" G. W. BENN."

The receipt and acceptance of the above guaranty by the plaintiff were proved. Plaintiff also proved his book account against Mrs. Grover Smith, and then rested.

*Ridgely*, for defendant, moved for a nonsuit on two grounds:

*First.* That it had not been averred in the narr, nor proved, that the plaintiff ever gave notice to the defendant that he accepted his guaranty.

*Second.* That there was no proof of any notice given to the defendant of any transaction with Mrs. Grover Smith or of any default upon her part.

*Taylor & Co. vs. McClung, 2 Houst., 24; Farmers' Bank vs. Tatnall, 7 Houst., 287; Maybery & Co. vs. Bainton & Co., 2 Harr., 24.*

*Van Dyke,* for plaintiff:—The principle of law contended for by the defendant's counsel does not apply to this case. The common counts in the narr are sufficient of themselves, and averments of acceptance of the contract, by the plaintiff, and notice of the same to the defendant are unnecessary.

There is an express promise in this contract to pay and an express waiver of notice.

LORE, C. J.:—We think this nonsuit must be granted. The principle of law contended for by the plaintiff is very clearly settled in the cases of *Taylor & Co. vs. McClung, 2 Houst., 24;* and *Farmers' Bank vs. Tatnall, 7 Houst., 287.* In the former case the statement is as follows:

" If the guaranty be prospective in its character to cover future credits, the party tendering it, is entitled to notice of its acceptance, and the party receiving it and for whom it is intended, is bound to give reasonable notice of its acceptance, or the party offering it will not be bound by it."

Let a nonsuit be entered.